

NUMBER 13-18-00384-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LANCE TAYLOR,                                                   **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

# ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Order Per Curiam

Appellant's brief was originally due on April 17, 2019. On June 21, 2019, this Court granted by order appellant's second amended motion for extension of time and directed appellant to file the brief on or before July 17, 2019. On July 19, 2019, the Clerk of the Court notified appellant's counsel that the brief had not been filed and requested a

response concerning the failure to file the brief within ten days. Counsel failed to respond. After an order of abatement, remand, and reinstatement all related to appellant's counsel's failure to submit a brief, on December 3, 2019, the Clerk of the Court notified appellant's counsel that the brief has not been filed and requested a response within ten days. Counsel has nevertheless failed to file an appellate brief in this matter.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, email address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record

of any proceedings to be prepared.   The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of December, 2019.